1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GARY MINOR, | Case No.: 14-CV-01117-LHK |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT FEDEX OFFICE AND PRINT |
| FEDEX OFFICE AND PRINT SERVICES, INC., FEDERAL EXPRESS CORPORATION, and DOES 3 to 50, | SERVICES, INC.'S MOTION TO DISMISS |
| Defendants. | |

Plaintiff Gary Minor ("Minor") filed this action against his former employer, Defendant FedEx Office and Print Services, Inc. ("FedEx Office"), as well as Federal Express Corporation. ECF No. 24. Plaintiff asserts five claims under California's Fair Employment and Housing Act ("FEHA"), Cal. Gov. Code §§ 12900 *et seq.*, and a sixth claim for wrongful termination in violation of public policy. *See id.*

Before the Court is FedEx Office's motion to dismiss all of Minor's claims. *See* ECF No. 25. Having considered the parties' submissions, the record in this case, and the applicable law, the Court GRANTS FedEx Office's motion to dismiss in its entirety, without leave to amend.

## I.    BACKGROUND

### A.    Minor's Employment and Termination

1

United States District Court
For the Northern District of California

1    Minor has filed four complaints in this matter, three in state court before the case was

2    removed, and a third amended complaint after this Court granted FedEx Office's motion for

3    judgment on the pleadings. *See* ECF Nos. 1-1, 1-2, & 24. The Court summarizes the facts as they

4    are stated in Minor's operative complaint.

5    Minor was hired by Defendant FedEx Office in August 2006 and began working as a store

6    manager in September 2006. ECF No. 24 ("Third Am. Compl."), ¶ 13. As a store manager, Minor

7    supervised other employees and performed other duties required to manage a store. *Id.* On October

8    19, 2006, Minor discovered that timecards had been altered, and filed a complaint with

9    management. *Id.* ¶ 15. That same day, Minor was demoted to assistant manager. *Id.* ¶ 16. In

10   January 2007, Minor was transferred to a different location, and no longer held any duties as an

11   assistant manager. *Id.* ¶ 17.

12   Minor went on a medical leave of absence in October 2007 to have a right hip replacement.

13   *Id.* ¶ 18. Minor underwent surgery in January 2008, and returned to work in March 2008 after

14   learning his position was in peril and that his medical insurance had been canceled. *Id.* ¶¶ 21-23.

15   Minor filed a complaint with the California Department of Fair Employment and Housing

16   ("DFEH") on May 19, 2008. *Id.* ¶ 24. The DFEH denied Minor's claim on June 19, 2008. *Id.* ¶ 26.

17   Around May 2008, Minor tripped over a rubber floor mat at work and injured his left knee.

18   *Id.* ¶ 25. On June 30, 2008, Minor was placed on disability leave by his treating physician. *Id.* ¶ 27.

19   Minor underwent surgery to repair a torn meniscus in November 2008, and returned to work in

20   January 2009. *Id.* ¶¶ 28-29. In March 2010, Minor was left alone in the store to complete

21   shipments, requiring Minor to lift heavy boxes despite his knee injury. *Id.* ¶ 30. On February 25,

22   2011, FedEx Office terminated Minor. *Id*. ¶ 31.

23   Minor claims that his termination was unlawful. Specifically, Minor asserts five FEHA

24   claims against FedEx Office: (1) discrimination on the basis of disability in violation of FEHA

25   § 12946, *id.* ¶¶ 33-42; (2) failure to make reasonable accommodations in violation of FEHA

26   § 12940(m), *id.* ¶¶ 43-48; (3) failure to protect from discrimination in violation of FEHA

27   § 12940(k), *id.* ¶¶ 49-51; (4) retaliation in violation of FEHA § 12940(h), *id.* ¶¶ 52-54; and (5)

28   failure to grant leave under the California Family Rights Act ("CFRA") in violation of FEHA

United States District Court
For the Northern District of California

2

§ 12945.2, *id.* ¶¶ 55-61. Minor also asserts a sixth claim for wrongful termination in violation of public policy pursuant to *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167 (1980), on the grounds that Minor's termination was motivated by his disability, request for time off, or both. *Id.* ¶¶ 62-68.

### B.    Class Action Suit and Settlement Agreement

In 2009, Minor was a Class Representative in a wage-and-hour class action against FedEx Office before Judge Thelton E. Henderson of this Court (the "2009 Class Action"). *See* ECF No. 22, at 3; ECF No. 17-11; *Minor et al. v. FedEx Office & Print Servs. Inc.*, Case No. 09-1375 (N.D. Cal. filed March 27, 2009). In that case, the plaintiffs claimed that FedEx Office failed to pay overtime wages, provide meal periods, pay a minimum wage, keep accurate records, and indemnify employees' expenses, among other allegations. *See* ECF No. 17-11.

The parties settled the 2009 Class Action in November 2012. *See* ECF No. 17-12. The plaintiffs released all claims alleged in return for a settlement of $9,625,000. *Id.* §§ 2.35, 2.23. The Settlement Agreement gave Minor, as a Class Representative, the choice between selecting either a general release or a limited release provision. The general release provision released all claims Minor may have had against FedEx Office. *Id.* § 2.12. The limited release provision released all of Minor's claims except for five already-filed DFEH complaints, which would be expressly carved out of the general release. *Id.* § 2.13. Minor was eligible for an enhancement payment of up to $25,000 if he selected the general release provision or an enhancement payment of up to $15,000 if he selected the limited release provision. *Id.* § 6.7.1. Minor selected the limited release option. *See* ECF No. 17-14. Judge Henderson preliminarily approved the Settlement Agreement in February 2013, and gave final approval in July 2013. *See id.*

### C.    Procedural History

Minor filed the initial complaint in the instant action in Santa Clara County Superior Court on February 8, 2013, against Federal Express Corporation and several Does. ECF No. 1. Minor amended his complaint on May 21, 2013, alleging the six causes of action described above. *Id.* at 2. On February 7, 2014, Minor substituted FedEx Office and FedEx Corporation for two Does as defendants. *See* ECF Nos. 1-2. On March 6, 2014, Minor dismissed Federal Express Corporation

3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  without prejudice. *See* ECF No. 1-3. FedEx Office answered on March 7, 2014, *see* ECF No. 1-4,

2  and removed to this Court on March 10, 2014,  ECF No. 1 at 3.

3      On April 8, 2014, FedEx Office filed a motion for judgment on the pleadings. *See* ECF No.

4  16. On August 11, 2014, this Court granted FedEx Office's motion. ECF No. 22. As to Minor's

5  five FEHA causes of action, the Court found that Minor failed to allege he exhausted

6  administrative remedies as required by statute, although the Court gave Minor leave to amend to

7  allege that he did so exhaust. *Id*. at 7-9. As to Minor's sixth cause of action for wrongful

8  termination, the Court found that the Settlement Agreement facially barred Minor's wrongful

9  termination claim. *Id*. at 9. The Court held that by its express terms, the limited release provision of

10  the Settlement Agreement prohibited, *inter alia*, tort claims against FedEx Office, and therefore

11  prohibited Minor's wrongful termination claim. *Id*. at 9-10. The Court also found that while the

12  limited release provision did carve out five enumerated administrative complaints Minor had

13  already filed with a governmental agency, Minor's wrongful termination claim did not fall within

14  the carve-out provision. *Id*. at 10. The Court therefore granted FedEx Office's motion for judgment

15  on the pleadings as to Minor's sixth cause of action, but granted Minor leave to amend to allege the

16  existence of any extrinsic evidence that would show Minor's wrongful termination claim was not

17  in fact barred by the Settlement Agreement. *Id*. at 10-11. The Court also permitted Minor leave to

18  amend to allege additional facts in support of Minor's claim that FedEx Office obtained Minor's

19  consent to the Settlement Agreement by fraud, deception, and/or misrepresentation. *Id*. at 11. The

20  Court ordered Minor to file an amended complaint within 30 days, and specified that failure to do

21  so would result in dismissal of Minor's claims with prejudice. *Id*. at 12.

22      On September 11, 2014—one day after the Court-imposed 30-day deadline to file an

23  amended complaint[1]—Minor filed his Third Amended Complaint. ECF No. 24. Although the Court

24  had instructed Minor not to add additional parties, the Third Amended Complaint named "Federal

25  Express Corporation" as a new defendant. *Id*. ¶ 4. The complaint also erroneously identified

26  Federal Express Corporation as the parent company of FedEx Office. *Id*. On September 29, 2014,

[1] Minor's deadline to file an amended Complaint was September 10, 2014. According to the transaction receipt for the electronic filing of the Third Amended Complaint, Minor filed the document at 12:53 a.m. on September 11, 2014.

4

1  FedEx Office filed the instant motion to dismiss, as well as a request for judicial notice. ECF Nos.

2  25 & 26. On October 14, 2014, Minor filed an opposition to the motion to dismiss, as well as a

3  request for judicial notice. ECF Nos. 30 & 30-1. FedEx Office filed a reply on October 21, 2014.

4  ECF No. 31.

5  ## II.      LEGAL STANDARDS

6  ### A.      Motion to Dismiss Under Rule 12(b)

7  Under Federal Rule of Civil Procedure 12(b), a complaint may be dismissed based on either

8  (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a

9  cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In

10  considering whether the complaint is sufficient to state a claim, the court accepts as true all of the

11  factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). While a

12  complaint need not allege detailed factual allegations, it "must contain sufficient factual matter,

13  accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 677

14  (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when

15  it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged." *Id.* The Court is not required to "'assume the truth of legal conclusions merely because

17  they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir.

18  2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). Mere "conclusory

19  allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

20  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *accord Iqbal*, 556 U.S. at 678.

21  Furthermore, "'a plaintiff may plead [him]self out of court'" if he "plead[s] facts which establish

22  that he cannot prevail on his . . . claim." *Weisbuch v. Cnty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir.

23  1997) (quoting *Warzon v. Drew*, 60 F.3d 1234, 1239 (7th Cir. 1995)).

24  ### B.      Leave to Amend

25  If the Court determines that the complaint should be dismissed, it must then decide whether

26  to grant leave to amend. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend

27  "should be freely granted when justice so requires," bearing in mind "the underlying purpose of

28  Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v.*

5

1   *Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and alterations

2   omitted). When dismissing a complaint for failure to state a claim, "'a district court should grant

3   leave to amend even if no request to amend the pleading was made, unless it determines that the

4   pleading could not possibly be cured by the allegation of other facts.'" *Id.* at 1130 (quoting *Doe v.*

5   *United States*, 58 F.3d 494, 497 (9th Cir. 1995) (internal quotation marks omitted)). Accordingly,

6   leave to amend is denied only if allowing amendment would unduly prejudice the opposing party,

7   cause undue delay, be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG*

8   *Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

9       **C.      Request for Judicial Notice**

10          On a Rule 12(b)(6) motion, the Court generally may not look beyond the four corners of the

11   complaint, with the exception of documents incorporated into the complaint by reference, and any

12   relevant matters subject to judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir.

13   2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). Under the doctrine of

14   incorporation by reference, the Court may consider on a Rule 12 motion not only documents

15   attached to the complaint, but also documents whose contents are alleged in the complaint,

16   provided the complaint "necessarily relies" on the documents or contents thereof, the document's

17   authenticity is uncontested, and the document's relevance is uncontested. *Coto Settlement v.*

18   *Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *see Lee*, 250 F.3d at 688-89. The purpose of this

19   rule is to "prevent plaintiffs from surviving a [Rule 12] motion by deliberately omitting documents

20   upon which their claims are based." *Swartz*, 476 F.3d at 763 (internal quotation marks omitted).

21          The Court also may take judicial notice of matters that are either (1) generally known

22   within the trial court's territorial jurisdiction or (2) capable of accurate and ready determination by

23   resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). Proper

24   subjects of judicial notice when ruling on a Rule 12 motion include court documents already in the

25   public record and documents filed in other courts, *see Holder v. Holder*, 305 F.3d 854, 866 (9th

26   Cir. 2002); records of state agencies, *see Lee*, 250 F.3d at 688; *see, e.g., Farahani v. Floria*, No.

27   12- 4637, 2013 WL 1703384, at *1 n.1 (taking notice of deeds filed with the County Recorder);

28   and publically accessible websites, *see Caldwell v. Caldwell*, No. 05-4166, 2006 WL 618511, at *4

United States District Court
For the Northern District of California

1   (N.D. Cal. Mar. 13, 2006); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal.

2   2005).

3   **III.   DISCUSSION**

4       **A.   The Parties' Requests for Judicial Notice**

5           In connection with the instant motion, FedEx Office requests judicial notice of six

6   documents. ECF No. 26 ("Def. RJN"). Separately, Minor requests judicial notice of seven

7   documents. ECF No. 30-1 ("Pl. RJN"). Minor also filed an objection to FedEx Office's request for

8   judicial notice. ECF No. 30-2.

9           FedEx Office requests judicial notice of five FEHA administrative complaints that Minor

10  filed with the state DFEH and Equal Employment Opportunity Commission. These documents are

11  records of state agencies, and therefore appropriate subjects of judicial notice. *See U.S. v. 14.02*

12  *Acres of Land More or Less in Fresno Cnty.*, 547 F.3d 943, 955 (9th Cir. 2008) ("Judicial notice is

13  appropriate for records and reports of administrative bodies.") (internal quotation marks and

14  citation omitted). Minor objects to FedEx Office's request on the grounds that these documents

15  "are not properly the subject of judicial notice" for the purpose of demonstrating that Plaintiff

16  failed to exhaust his administrative remedies. ECF No. 30-3, at 1. The Court rejects Minor's

17  argument. Records of state agencies are appropriate subjects of judicial notice, and whether Minor

18  exhausted administrative remedies is a central issue in the instant motion. Indeed, Minor requests

19  judicial notice of the records of administrative agencies for the purpose of demonstrating that

20  Minor *did* exhaust such remedies. *See* ECF Nos. 30-1 & 30-2. Minor does not explain his

21  contradictory position that the Court should reject FedEx Office's request for judicial notice of

22  administrative records for the purpose of determining whether Minor exhausted administrative

23  remedies, but grant Minor's request for judicial notice of similar documents offered for the same

24  purpose. Accordingly, the Court GRANTS FedEx Office's request for judicial notice.

25          The Court also GRANTS Minor's request for judicial notice as to (1) records of

26  administrative agencies; (2) publicly accessible websites; and (3) court filings. These are all proper

27  subjects of judicial notice. *See 14.02 Acres of Land More or Less in Fresno Cnty.*, 547 F.3d at 955;

28  *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006) (taking judicial notice of proceedings

United States District Court
For the Northern District of California

7

1    in other courts); *Caldwell*, 2006 WL 618511, at *4 (taking judicial notice of publicly accessible

2    websites).

3         The Court DENIES Minor's request for judicial notice of an email chain between Minor's

4    counsel and counsel for Federal Express Corporation. Pl. RJN Ex. 5. These emails do not contain

5    matters that are either (1) generally known within the trial court's territorial jurisdiction or (2)

6    capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably

7    be questioned. Fed. R. Evid. 201(b). Minor argues the emails are appropriate for judicial notice

8    because they are documents upon which the complaint "necessarily relies." ECF No. 30-1 (citing

9    *Marder v. Lopez*, 450 F.3d 445 (9th Cir. 2006)). However, *Marder* stands for the proposition that

10   documents may be judicially noticed if, *inter alia*, "the complaint refers to the document." *Marder*,

11   450 F.3d at 448. Minor's Third Amended Complaint does not refer to these emails. Therefore,

12   judicial notice of these emails would be inappropriate.

13        **B.    FedEx Office's Motion to Dismiss**

14             **1.    FedEx Corporation and Federal Express Corporation**

15        Before discussing FedEx Office's motion in substance, the Court discusses two parties also

16   named as defendants in the instant action: FedEx Corporation and Federal Express Corporation. As

17   this Court discussed in its previous order, the three FedEx companies—FedEx Corporation, FedEx

18   Office, and Federal Express Corporation—are distinct entities. ECF No. 22, at 4 n.1. Specifically,

19   FedEx Office and Federal Express Corporation are both wholly-owned subsidiaries of FedEx

20   Corporation. *Id.* FedEx Corporation and Federal Express Corporation have not filed motions to

21   dismiss in this case, even though both are named as defendants. However, as discussed below, the

22   Court deems it appropriate to dismiss both FedEx Corporation and Federal Express Corporation

23   from this action.

24             *a.    FedEx Corporation*

25        When Minor filed his First Amended Complaint in this action in the Santa Clara County

26   Superior Court, Minor named only Federal Express Corporation and Does 1-50 as defendants. *See*

27   ECF No. 1-1. On February 7, 2014, approximately nine months after filing his First Amended

28   Complaint, Minor filed an amendment to his First Amended Complaint in the Santa Clara County

Superior Court, substituting FedEx Office and FedEx Corporation (the parent company of both FedEx Office and Federal Express Corporation) for two Does. ECF No. 1-2. Approximately one month later on March 6, 2014, Minor stipulated to dismiss Federal Express Corporation as a defendant without prejudice because Minor was informed that FedEx Office was Minor's employer. *See* ECF No. 17-18; Mot. at 9 n.12. This case was subsequently removed to this Court on March 10, 2014. ECF No. 1. Therefore, at the time of removal, FedEx Corporation and FedEx Office were the only named defendants.

When this Court granted the motion for judgment on the pleadings filed by FedEx Office, the Court noted that, according to Minor's operative Complaint, Minor was only employed by FedEx Office, not by FedEx Corporation. ECF No. 22, at 4 n.1. The Court further noted that FedEx Corporation remained a defendant in Minor's lawsuit, even though Minor did not allege FedEx Corporation was involved in the disputed conduct. *Id*. The Court ordered Minor to clarify what role if any FedEx Corporation had in the allegedly wrongful conduct, if Minor chose to amend his Complaint. *Id*. The Court cautioned that failure to do so would result in the dismissal of FedEx Corporation as a defendant with prejudice. *Id*.

Minor has now filed a Third Amended Complaint. *See* Compl. Again, Minor does not address what role, if any, FedEx Corporation played in the conduct at issue. *Id*. Nor do the parties' briefs shed any light on this issue. Accordingly, because the Court previously granted Minor leave to amend to clarify FedEx Corporation's role in this lawsuit and Minor has not done so, the Court dismisses FedEx Corporation with prejudice.

> b.    *Federal Express Corporation*

As previously discussed, Minor voluntarily dismissed Federal Express Corporation as a defendant in the instant litigation on March 6, 2014. *See* ECF No. 17-18. When this Court granted FedEx Office's motion for judgment on the pleadings, the Court warned Minor that he could not, *inter alia*, add new parties without stipulation of the parties or leave of the Court. ECF No. 22 at 12.

When Minor filed his Third Amended Complaint, Minor added Federal Express Corporation as a defendant without a stipulation or leave of the Court, in contravention of this

1   Court's explicit order. *See* Third Am. Compl. In his Third Amended Complaint, Minor alleges that

2   Federal Express Corporation is FedEx Office's "parent corporation." Compl. ¶ 4. However, Minor

3   admits in his opposition that before he filed his Third Amended Complaint, Minor knew that

4   "FedEx Corporation was the parent company of . . . FedEx Office." [2] Opp'n at 10. Moreover, the

5   Court notes that in connection with Minor's 2009 wage and hour class action lawsuit which was

6   before Judge Henderson of this Court, Minor signed a stipulation in which it was stated that FedEx

7   Office—not Federal Express Corporation—was Minor's employer, and voluntarily dismissed

8   Federal Express Corporation from that lawsuit. *See* ECF No. 17-10.

9        In sum: Minor added Federal Express Corporation as a new defendant in Minor's Third

10  Amended Complaint, even though (1) the Court ordered Minor not to add new parties to his

11  amended complaint without a stipulation or leave of the Court; (2) Minor had already been

12  informed that FedEx Office, not Federal Express Corporation, was Minor's employer; (3) Minor

13  previously voluntarily dismissed Federal Express Corporation from the instant lawsuit; and (4)

14  Minor admits he incorrectly calls Federal Express Corporation the "parent company" of FedEx

15  Office in his Third Amended Complaint. Based on the foregoing, the Court dismisses Minor's

16  claims against Federal Express Corporation with prejudice. Moreover, as the Court will discuss

17  below, Minor's five FEHA causes of action are legally precluded because of Minor's failure to

18  exhaust administrative remedies. Therefore, Minor could not possibly win relief against Federal

19  Express Corporation, at least as to those claims.

20      **2.    Motion to Dismiss FEHA Claims**

21       FedEx Office moves to dismiss Minor's five FEHA claims on two grounds. First, FedEx

22  Office contends that Minor has not alleged that Minor exhausted his administrative remedies, as

23  required by FEHA § 12960, even after the Court granted Minor leave to amend to cure this very

24  deficiency. Mot. at 11-12. Second, FedEx Office contends that Minor filed the instant civil action

25  after his one-year right to sue had expired and that therefore Minor's claims are time-barred by

26  
27  ――――――――――――
    [2] Minor claims that he still reasonably believed that Federal Express Corporation was FedEx
    Office's parent corporation because of FedEx Office's business entity detail filed with the
    California Secretary of State. Opp'n at 9 (citing to Pl. RJN Ex. 2). However, this exhibit identifies
28  "FedEx Corporation," not Federal Express Corporation, as FedEx Office's parent company. *See* Pl.
    RJN Ex. 2.

Case No.: 14-CV-01117-LHK
ORDER GRANTING DEFENDANT FEDEX OFFICE'S MOTION TO DISMISS

1    FEHA § 12965(b). Mot. at 13. Because the Court concludes that Minor has, again, failed to allege

2    that he exhausted administrative remedies, the Court need not reach the time bar issue.

3           Prior to bringing civil suit on any FEHA cause of action, a plaintiff must first exhaust

4    administrative remedies. *See Rojo v. Kliger*, 52 Cal. 3d 65, 83 (1990). Exhaustion requires filing a

5    complaint with the DFEH within one year of the date of the alleged unlawful practice and

6    obtaining notice of the right to sue. Cal. Gov. Code § 12960; *see Romano v. Rockwell Int'l, Inc.*,

7    14 Cal. 4th 479, 492 (1996). The Court lacks jurisdiction over unexhausted FEHA causes of action.

8    *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985).

9           Here, all five of Minor's FEHA claims in his Third Amended Complaint stem from his

10   February 2011 termination. *See id.* ¶ 36 ("[Count one:] The termination of Plaintiff's employment

11   was motivated by Plaintiff's disability. . . ."); *id.* ¶ 46 ("[Count two:] Rather than providing an

12   accommodation, Defendants terminated Plaintiff's employment on or about February 25, 2013

13   [sic]."); *id.* ¶¶ 49, 52 (Counts three and four, incorporating all previous allegations for Minor's

14   failure to protect against discrimination claim and Minor's retaliation claim, counts three and four

15   respectively); *id.* ¶ 59 ("[Count five:] After plaintiff requested his disability/CFRA leave, the

16   Defendant wrongfully terminated her [sic]."). Therefore, in order to have properly exhausted his

17   administrative remedies as to his claims based on wrongful termination, Minor must allege that he

18   filed an administrative complaint after he was wrongfully terminated.

19          In his Third Amended Complaint, Minor alleges that "[a]fter Plaintiff was terminated" he

20   filed a complaint with DFEH "on or about April 27, 2011." Third Am. Compl. ¶ 12. Minor claims

21   this administrative complaint raised various violations of FEHA. *Id*. Minor also states that DFEH

22   subsequently "issued a right to sue notice including these allegations and allegations relating to

23   Plaintiff's illegal termination," and that accordingly "Plaintiff has properly exhausted all required

24   administrative remedies." *Id*.

25          FedEx Office, in its motion to dismiss, accuses Minor of "concocting the existence" of a

26   "vague charge which is belied by allegations in his own Complaint." Mot. at 12. Minor, in his

27   opposition, concedes that his allegation that he filed a complaint with DFEH after his termination

28   was false. Opp'n at 5. Minor acknowledges that in fact DFEH issued a "Notice of Case

**United States District Court**
For the Northern District of California

11

Closure/Right to Sue Letter" on April 27, 2011, not (as Minor alleged in his Third Amended Complaint) that Minor filed a complaint on or about that date. *Id.* (citing Pl. RJN at 1-2). The document to which Minor cites is a notice of case closure pertaining to administrative complaint number E201011G0537-oo-pe/556B100189. Pl. RJN at 1. Minor filed this administrative complaint with FEHA on January 18, 2011, Def. RJN Ex. 24, over a month *before* FedEx Office terminated Minor on February 25, 2011, *see* Third Am. Compl. ¶ 31. Minor does not explain why, in his Third Amended Complaint, he stated this administrative complaint was filed "[a]fter Plaintiff was terminated." Third Am. Compl. ¶ 12. Nor does Minor cite to any other administrative complaint he claims was filed after his termination. Moreover, according to judicially noticeable documents, although Minor filed four other administrative complaints against FedEx Office, Federal Express Corporation, and various individuals, none were filed before Minor's termination. *See* Def. RJN Exs. 20-24; ECF No. 17-19. Therefore, Minor has not adequately pleaded that he exhausted administrative remedies for any FEHA cause of action based on his termination. Minor has also failed to cure the deficiency this Court already identified in granting FedEx Office's motion for judgment on the pleadings. Moreover, the Court notes its disappointment that Minor chose to misrepresent a material fact—Minor's exhaustion of administrative remedies—in his operative Complaint.

In his opposition (and, again, in contradiction of Minor's allegation that he filed an administrative complaint after he was terminated) Minor does not dispute that he failed to exhaust administrative remedies as to his five FEHA causes of action, thereby implicitly conceding the point. Instead, Minor makes a rather convoluted argument as to why the Court should excuse Minor's failure to exhaust. However, his argument is defective at nearly every turn. First, Minor claims that equity may excuse a party's failure to exhaust administrative remedies under FEHA, citing to *Rodriguez v. Airborne Express*, 265 F.3d 890 (9th Cir. 2001). Plaintiff is correct that *Rodriguez* held that in certain circumstances, principles of equity can excuse noncompliance with FEHA's administrative exhaustion requirement, but according to *Rodriguez*, those circumstances apply where "the plaintiff's failure to comply can be *attributed to the administrative agency* (generally the DFEH) charged with processing his complaint." *Id.* at 900 (emphasis added).

United States District Court
For the Northern District of California

1  Furthermore, *Rodriguez* set out a multi-factor test to determine when the "equities favor a

2  discrimination plaintiff," requiring that the plaintiff "(1) diligently pursued his claim; (2) was

3  misinformed or misled by the administrative agency responsible for processing his charge; (3)

4  relied in fact on the misinformation or misrepresentations of that agency, causing him to fail to

5  exhaust his administrative remedies; and (4) was acting pro se at the time." *Id.* at 902. Here, Minor

6  does not allege that his failure to exhaust administrative remedies is attributable to any

7  administrative agency. Nor does Minor address or even cite to the four-factor *Rodriguez* test.

8  Therefore, Minor's reliance on *Rodriguez* is misplaced.

9      Second, even if Minor could rely on principles of equity to salvage his claim, Minor has not

10  explained—beyond his own conclusory and speculative assertions—why or how equity should

11  apply in his case. Minor argues that his failure to exhaust is attributable to the fact that "Plaintiff

12  was misled or misinformed as to the claims that Defendant was agreeing to carve-out of the

13  Settlement Agreement." Opp'n at 5. However, Minor does not explain how FedEx Office misled

14  him. Instead, Minor argues that this Court can and should assume that FedEx Office misled Minor

15  because "Defendants were in a unique position to gain by misleading Plaintiff as to the scope of the

16  carve-out provision." *Id.* Minor's argument appears to be that FedEx Office granted Minor a carve-

17  out provision in the settlement agreement for five specific DFEH complaints, but FedEx Office

18  now takes the position that pursuit of those DFEH complaints is time-barred. *Id.* According to

19  Minor, "[t]o accept Defendant's contentions would be to accept that it 'carved-out' claims which

20  were already time-barred, thus providing no actual benefit to Plaintiff and erroneously leading him

21  to believe that he could pursue those claims." *Id.* Minor therefore argues that "the carve-out

22  provision [was] utterly illusory." *Id.*

23      Minor's argument is not persuasive. The Court previously considered and rejected Minor's

24  argument that the carve-out provision of the settlement agreement was illusory and therefore

25  obtained by fraud, deception and/or misrepresentation. *See* ECF No. 22, at 11. As this Court has

26  already explained, Minor's argument that the carve-out provision is illusory is insufficient because

27  consideration is not required for a written release. *See id.*; Cal. Civil Code § 1541 ("An obligation

28  is extinguished by a release therefrom given to the debtor by the creditor, upon a new

13

consideration, or in writing, *with or without new consideration*.") (emphasis added). The Court previously granted Minor leave to amend his complaint to plead factual allegations for fraud and/or misrepresentation as to the carve-out provision. ECF No. 22, at 11. This Minor has failed to do, beyond inserting a paragraph in his Third Amended Complaint that states in conclusory fashion that the "Defendants must have known their representations were false because they drafted the language as to the carve out." Third Am. Compl. ¶ 32. Such conclusory assertions are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.") (internal quotation marks omitted). Moreover, even assuming the truth of Minor's argument that the carve-out provision only exempted claims for which the statute of limitations had already expired, it does not follow that FedEx Office "must have known" the carve-out provision was illusory. Indeed, according to FedEx Office, Minor (not FedEx Office) "specifically negotiated to include carve-outs." Mot. at 7. Moreover, according to FedEx Office, Minor and the putative class were represented by at least nine attorneys, and counsel for plaintiffs drafted the settlement agreement. Mot. at 6 n.8. Minor does not dispute either of these points in his opposition. Therefore, it appears it would have been equally likely that Minor or his counsel would or should have known that the claims were barred or that FedEx Office would contend that the claims were barred. In sum, Minor tries to slice and repackage his argument regarding the illusory nature of the carve-out provision, but it still fails for the reasons the Court previously described in granting FedEx Office's motion for judgment on the pleadings.

Third and finally, Minor appears to argue that his failure to exhaust is excusable because FedEx Office "knew or reasonably should have known which claims were being carved out by the parties" in the settlement agreement, including the five claims Minor asserts here. Opp'n at 5; *see also id.* at 7 ("As such, Defendant should be estopped from blocking Plaintiff from pursing [sic] claims that Defendant knew, or reasonably should have known, were believed to be actionable as part of the carve-out provision.") However, Minor cites no authority—and this Court identified none—for his argument that a plaintiff should be excused from exhausting administrative remedies

Case No.: 14-CV-01117-LHK
ORDER GRANTING DEFENDANT FEDEX OFFICE'S MOTION TO DISMISS

United States District Court
For the Northern District of California

1    under FEHA simply because the defendant knew or reasonably should have known about those

2    claims.[3]

3          For the foregoing reasons, the Court finds that Minor, again, fails to plead that he exhausted

4    administrative remedies as required by statute. Therefore, the Court GRANTS FedEx Office's

5    motion to dismiss Minor's FEHA claims.

6                    **3.    Wrongful Termination**

7          FedEx Office moves to dismiss Minor's wrongful termination claim on the grounds that

8    this claim was released by the Settlement Agreement that resolved the 2009 Class Action. Mot. at

9    13-15. Separately, FedEx Office contends that the wrongful termination claim is barred by the

10   statute of limitations. *Id*. at 15-16. Because the Court finds, as it did in granting FedEx Office's

11   motion for judgment on the pleadings, that the Settlement Agreement facially bars Minor's

12   wrongful termination claim and that Minor has not alleged any facts or pointed to any judicially

13   noticeable documents to undermine this conclusion, the Court need not reach the statute of

14   limitations issue.

15         FedEx Office contends that the Settlement Agreement released all of Minor's claims

16   against FedEx Office except those expressly carved out in the limited release provision. *Id*. at 13-

17   15. FedEx Office argues that Minor's wrongful termination claim, a tort claim, was not among

18   those carved out and therefore that claim was released. *Id*. FedEx Office claims the release is valid

19   as the release provisions were specifically negotiated with Minor as part of a judicially overseen

20   settlement, and that Minor entered into the release knowingly and voluntarily. *Id*. at 14-15 (citing

21

22

23   _____

     [3] The Court notes that Minor also makes the curious argument that FedEx Office should be
     judicially estopped from asserting that Minor failed to exhaust administrative remedies. Opp'n at 6-
24   7 (alleging that FedEx Office has taken "contrary positions as to Plaintiff's claims, and should be
     estopped from doing so."). Minor either mischaracterizes or misunderstands FedEx Office's
25   argument. FedEx Office is arguing that Minor has failed to exhaust administrative remedies as to
     Minor's five FEHA claims in the instant lawsuit. Mot. at 11-12. Minor, in his opposition, tries to
26   equate his five FEHA claims in this lawsuit with the five claims carved out in the settlement
     agreement. Opp'n at 6. However, as previously discussed, Minor's five FEHA claims in this
27   lawsuit cannot be the same claims carved out in the settlement agreement, because Minor's five
     FEHA claims stem from Minor's wrongful termination. Compl. ¶¶ 12, 36, 46, 49, 52, 59. None of
28   the claims in the carve-out provision stem from Minor's wrongful termination, because the claims
     in the carve-out were filed before Minor was terminated.

1   *Stroman v. W. Coast Grocery Co.*, 884 F.2d 458, 462 (9th Cir. 1989)). Therefore, FedEx Office

2   claims that the release bars Minor from bringing his wrongful termination claim. *Id.* at 15.

3          In his opposition, Minor does not directly address FedEx Office's arguments. Instead,

4   Minor states that he "addressed any notice pleading requirements" of Federal Rule of Civil

5   Procedure 8 as to, *inter alia*, Minor's wrongful termination claim. Opp'n at 7. Minor also states

6   that his wrongful termination claim "arises from the exact facts alleged in Plaintiff's DFEH filings,

7   which were specifically noted in the carve out provision of the limited release." *Id.* at 8. Finally,

8   Minor appears to argue—in a reprise of the argument Minor raised in his opposition to FedEx

9   Office's motion for judgment on the pleadings—that the release "was obtained by fraud, deception

10  and/or misrepresentation, and is void as a matter of law." *Id.*

11         The general release provision of the Settlement Agreement, which the limited release

12  provision incorporates by reference, releases:

13             any and all claims, obligations, demands, actions, rights, causes of actions, and
               liabilities against [FedEx Office] . . . of whatever kind and nature . . . whether in
14             law or equity, whether sounding in *tort*, contract, federal, state and/or local law,
               statute, ordinance, regulation, common law, or other source of law . . . arising
15             during the period from the beginning of [Minor's] dates of employment with
               [FedEx Office] to the date on which the Court enters the Order of Final Approval of
16             this Settlement, for any type of relief that can be released as a matter of law . . . .

17  ECF No. 17-12 § 2.12 (emphasis added). Of these claims, the limited release provision carves out

18  only a number of "specifically identified and limited" set of case numbers "already *filed with [a]*

19  *governmental agency.*" *Id.* § 2.13 (emphasis added). As this Court previously explained in its order

20  granting FedEx Office's motion for judgment on the pleadings, by its terms the carve-out provision

21  includes only the specifically identified case numbers that were already filed with a governmental

22  agency. All of these claims were filed *before* Minor was terminated on February 25, 2011. *See*

23  Compl. ¶ 31; Def. RJN Ex. 20 (carved-out claim filed on June 1, 2010); *id.* Ex. 22 (carved-out

24  claim filed on June 1, 2010); *id.* Ex. 23 (carved-out claim filed on June 1, 2010); *id.* Ex. 24

25  (carved-out claim filed on January 18, 2011); ECF No. 17-19 (carved-out claim filed before June

26  18, 2008). Moreover, by its plain terms, the limited release provision does not exclude claims

27  arising from the same set of facts as the specifically identified carved-out case numbers. Therefore,

28

United States District Court
For the Northern District of California

16

Case No.: 14-CV-01117-LHK
ORDER GRANTING DEFENDANT FEDEX OFFICE'S MOTION TO DISMISS

Minor's argument that his wrongful termination claim "arises from the exact facts alleged in Plaintiff's DFEH filings" named in the carve-out provision fails.

      None of Minor's other arguments in opposition are persuasive. First, Minor's argument that he adequately pled "notice" is inapposite. The issue has never been whether Minor's pleadings meet the notice requirements of Rule 8, but whether Minor's sixth claim for wrongful termination was barred by his prior settlement agreement. Second, Minor again asserts—without alleging or pointing to factual allegations in his Third Amended Complaint—that the general release provision was obtained by fraud, deception, and/or misrepresentation. Opp'n at 8. However, as the Court previously discussed, Minor does not make any factual allegations in support of this claim; rather, Minor simply makes conclusory statements that the general release was obtained by fraud, deception, and misrepresentation, which are insufficient to survive a motion to dismiss. *See Iqbal*, 556 U.S. at 678. Furthermore, Minor failed to cure this defect even though the Court explicitly granted Minor leave to amend his complaint to properly plead fraud, deception, and/or misrepresentation.[4] ECF No. 22, at 11.

      Accordingly, the Court GRANTS FedEx Office's motion to dismiss Minor's sixth claim of wrongful termination, as Minor has again failed to allege that his claim is exempted from the terms of his prior settlement agreement.

### C.    Leave to Amend

      As previously discussed, when dismissing a complaint for failure to state a claim, "'a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez*, 203 F.3d at 1130 (quoting *Doe*, 58 F.3d at 497); *see also Leadsinger, Inc.*, 512 F.3d at 532 (court need not grant leave to amend if, *inter alia*, granting leave would be futile). Here, the Court previously granted Minor leave to amend to allege (1) that Minor exhausted administrative remedies as to his FEHA claims, ECF No. 22, at 8-9; and (2) additional facts indicating that either the general release provision did not bar Minor's

---

[4] In its prior order, the Court also granted Minor leave to amend to allege any latent ambiguities that would support his argument that the general release provision did not bar Minor's claim for wrongful termination. ECF No. 22, at 10-11. Minor did not address this issue in his Third Amended Complaint.

Case No.: 14-CV-01117-LHK
ORDER GRANTING DEFENDANT FEDEX OFFICE'S MOTION TO DISMISS

United States District Court
For the Northern District of California

wrongful termination claim, or that FedEx Office obtained Minor's consent to the general release provision by fraud or misrepresentation, *id*. at 10-11. Minor has failed to correct any of these defects. Nor does Minor, in his opposition, claim that he could allege additional facts to salvage his claims. Therefore, granting leave to amend would likely be futile. Accordingly, all of Minor's claims are dismissed with prejudice.

## V.        CONCLUSION

For the foregoing reasons, the Court GRANTS FedEx Office's motion to dismiss. Minor's claims are dismissed with prejudice. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: January 16, 2015

_____
LUCY H. KOH
United States District Judge

Case No.: 14-CV-01117-LHK
ORDER GRANTING DEFENDANT FEDEX OFFICE'S MOTION TO DISMISS